FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2004 SEP 22  AM 11: 22

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

| | |
|---|---|
| BONNIE KUEHN, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | 5:04-cv-432-OC-10GRJ<br>Civil Action No. _____ |
| vs. § § | |
| CADLEWAY PROPERTIES, INC., § § | |
| Defendant. § § § § | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff Bonnie E. Kuehn ("Plaintiff") complains of Defendant Cadleway Properties, Inc., ("Cadleway" or "Collector"), by way of a class action, and shows the Court the following:

### Introduction

1. This is an individual and class action for damages and injunctive relief for Defendant's violations of (1) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Plaintiff brings this class action on behalf of herself and on behalf of all other consumers who are similarly situated, seeking declaratory relief, money damages, statutory damages and restitution from Defendant, as well as an injunction forcing Defendant to stop their illegal practices.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 15 U.S.C. Sections 1640(e) and 1692k(d) and 28 U.S.C. Section 1331.

4. Venue is proper in the middle District of Florida under 28 U.S.C. Section 1391(b)(2) and (c) in that a substantial part of the events or omissions giving rise to the claims

1

occurred in this District. Specifically, the debt attempting to be collected by Cadleway was entered into in Maitland Florida, Plaintiff resides in Leesburg, Florida and Cadleway conducted collection activities in Leesburg, Florida. through U.S. Mail and telephone correspondence with Plaintiff at her Leesburg address.

5. Cadleway Properties, Inc. is an out-of-state corporation engaged in the business of collecting debts in this judicial district and elsewhere, and may be served with process by serving Daniel C. Cadle, Registered Agent, 4363 La France Street, Newton Falls, Ohio 44444. Cadleway is a "debt collector" as defined by FDCPA and the Florida Act.

**Conditions Precedent**

6. All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied.

**Class Action Allegations**

7. Plaintiff sues on her own behalf and, as class representative, sues on behalf of the following two classes:

> CLASS I. All consumers in the United States to whom Cadleway sent any communication seeking to collect on an Amicus FSB credit card account and to whom Cadleway charged interest.
>
> CLASS II. All consumers in the United States to whom Cadleway sent a collection letter that included a request for a Taxpayer Identification Number Form created by the IRS and referenced the IRS penalty for failing to furnish a Taxpayer Identification Number.

8. Plaintiff brings this lawsuit as a class action because, on information and belief (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) Plaintiff's claims are typical of the claims of the class, and (4) Plaintiff can and will fairly and adequately protect the interests of the class. Questions of whether, and to what extent, Cadleway engaged in the practices described herein, whether they

did so intentionally or knowingly, and whether they violated the law will be common to all members of the class.

9. The questions of law and fact common to the members of the class predominate over questions affecting only individual members. The prosecution of individual actions by or against class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Cadleway.

10. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. It is appropriate to maintain this lawsuit as a class action because Cadleway acted on grounds generally applicable to the class, thereby making both preliminary and final injunctive and declaratory relief appropriate with respect to the class as a whole.

11. Plaintiff's claims are typical of the claims of the class as a whole. Plaintiff can and will fairly and adequately protect the interests of the class, because she has retained experienced counsel to represent the class, has no conflict of interest with the class, and she brings this lawsuit specifically for the protection of the consumers who have been and will be harmed by the practices complained of herein, and not solely to recover for their personal damages.

## Facts

12. Plaintiff Bonnie Kuehn was employed for a time by Amicus FSB ("Amicus") at its headquarters in Maitland, Florida.

13. Amicus issued each of its employees an Amicus FSB credit card as part of its employee package.

14. Plaintiff Kuehn received the Amicus credit card in the mail a few weeks after her employment began, made purchases on the account, and paid according to the terms of the Cardholder Agreement.

15. In late 2002, Amicus FSB decided to cease all electronic banking operations in the U.S. As a result, the day after Christmas 2002, Amicus sent letters to all its cardholders in-

forming them that, effective January 1, 2003, their cards would be "deactivated" (*i.e.*, closed), the limit on the card would be changed to zero, and no further purchases would be approved.

16. Thereafter, Amicus accelerated all cardholder's debts and demanded payment in full. However, Amicus continued to send monthly statements and accept partial payments on the accounts of Plaintiff and other cardholders until approximately September 2003.

17. On or about September 29, 2003, Amicus was dissolved and ceased all operations.

18. In January 2004, Cadleway purchased several thousand Amicus credit card accounts from Amicus.

19. Between September 2003 and January 2004 Plaintiff and other credit card account holders did not receive any information regarding their Amicus account.

20. On information and belief, Amicus ceased charging interest on the credit card accounts in September 2003.

21. On or about January 13, 2004, Plaintiff Kuehn received a letter from Defendant Cadleway Properties, Inc., indicating that Cadleway had purchased her account from Amicus and asserted that she was required to pay a "Total Amount Due" of $7,643.23. (Attached as Exhibit A). The letter from Cadleway also stated that: "We do not use coupon books or send monthly statements."

22. Although the Amicus debts purchased by Cadleway had previously ceased incurring interest on September 29, 2003, when Amicus was dissolved, on January 1, 2004, Cadleway improperly started charging interest again on all Amicus credit card accounts it had purchased.

23. However, Cadleway failed to disclose that the interest had ceased being charged by Amicus under the Amicus agreement and failed to disclose that Cadleway had started charging interest at a daily rate again beginning on January 1, 2004 and failed to disclose the rate of interest being charged.

24. Cadleway failed to make the necessary disclosures under the TILA and has since failed to send monthly statements required under the TILA once it started charging interest again.

25. The letter sent by Cadleway also falsely implies a connection with the Internal Revenue Service in violation of the FDCPA as follows:

> Also enclosed is an IRS-generated W-9 to certify your Tax Identification Number (TIN). For individuals, this is your Social Security Number. Please complete this form indicating the above account number, and sign and return it to us as soon as possible. You are subject to a $50 penalty imposed by the IRS under 26 U.S.C. 6723 if you fail to furnish a TIN.

## First Cause of Action

### Request for Declaratory Relief

26. Plaintiff seeks a declaratory judgment from this Court pursuant to 28 U.S.C. Sections 2201 and 2202, declaring that Cadleway regularly engaged in the practices described herein and that these practices violate the TILA, the FDCPA, and the Florida Act.

27. Plaintiff further seeks an order enjoining Defendant from continuing the acts complained of herein in attempting to collect on the debts of class members.

## Second Cause of Action

### Request for Relief Pursuant to the TILA

28. Because Amicus ceased charging interest on or about September 29, 2003 while it still owned the credit card accounts at issue, all Amicus credit card accounts, including Plaintiff's were set at a stated amount.

29. In the ordinary course and conduct of their business, as aforesaid, respondents regularly arrange for the extension of consumer credit or offer to extend or arrange for the extension of such credit, as "arrange for the extension of credit" and "consumer credit" are defined in

Section 226.2 of Regulation Z, the implementing regulation of the Truth in Lending Act, duly promulgated by the Board of Governors of the Federal Reserve System.

30. When Cadleway took it upon itself to reinstitute a daily finance charge, it was required to comport with the disclose requirements of the TILA. See 15 U.S.C. 1601 *et seq*.

31. The following allegations are made in respect to Cadleway alleging violations of the Truth in Lending Act and of the Federal Trade Commission Act, as amended, the allegations of the above paragraphs are incorporated by reference as if fully set forth herein verbatim:

32. Since the credit card accounts were terminated by Amicus without cause, several accounts, including Plaintiff's have significant balances. Cadleway regularly permits the Amicus debtors or alleged debtors to repay their debts in more than four monthly installments for which respondents have been, and are currently charging a finance charge, as 'finance charge' is defined in Section 226.2 of Regulation Z.

33. Respondents do not provide these customers with consumer credit cost disclosures.

34. By and through the use of these methods, respondents:

A. Fail to disclose the finance charge expressed as an annual percentage rate, as 'annual percentage rate' is defined in Section 226.2 of Regulation Z, as required by Section 226.8(b)(2) of Regulation Z.

B. Fail to disclose the date on which the finance charge begins to accrue, as required by Section 226.8(b)(1) of Regulation Z.

C. Fail to disclose the number, amount, and due date or periods of payments scheduled to repay, and the sum of such payments using the term "total of payments," as required by Section 226.8(b)(3) of Regulation Z.

D. Fail to disclose the total amount of finance charges, with a description of each amount included, using the term 'finance charge' as required by Section 226.8(d)(3) of Regulation Z.

  E. Fail to disclose the annual percentage rate, computed in accordance with Section 226.5 of Regulation Z, as required by Section 226.8(b)(2) of Regulation Z.

  F. Fail to disclose the annual percentage rate accurately to the nearest quarter of one percent, in accordance with Section 226.5 of Regulation Z, as required by Section 226.8(b)(2) of Regulation Z.

  G. Fail to make the disclosures required by Section 226.8 of Regulation Z clearly, conspicuously and in a meaningful sequence, as required by Section 226.6(a) of Regulation Z.

  35. By and through the acts and practices set forth above, Cadleway, has failed and continues to fail to comply with the requirements of Regulation Z, the implementing regulation of the Truth in Lending Act, duly promulgated by the Board of Governors of the Federal Reserve System.

  36. Pursuant to Section 103(q) of the Truth in Lending Act, Defendant's aforesaid failures to comply with the provisions of Regulation Z constitute violations of the Act, and, pursuant to Section 108 thereof, respondents have violated the Federal Trade Commission Act, as amended.

  37. As a result of its violations of the TILA, Cadleway is liable to Plaintiff for her actual damages, statutory damages, and costs and reasonable attorneys' fees. The conduct of Cadleway described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition. Plaintiff is therefore entitled to recover from Cadleway additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

  38. On behalf of herself and each class member, Plaintiffs seek an order of the Court directing Cadleway to pay actual damages to all class members consisting of all money obtained through the use of any illegal acts in violation of TILA.

E. Fail to disclose the annual percentage rate, computed in accordance with Section 226.5 of Regulation Z, as required by Section 226.8(b)(2) of Regulation Z.

F. Fail to disclose the annual percentage rate accurately to the nearest quarter of one percent, in accordance with Section 226.5 of Regulation Z, as required by Section 226.8(b)(2) of Regulation Z.

G. Fail to make the disclosures required by Section 226.8 of Regulation Z clearly, conspicuously and in a meaningful sequence, as required by Section 226.6(a) of Regulation Z.

35. By and through the acts and practices set forth above, Cadleway, has failed and continues to fail to comply with the requirements of Regulation Z, the implementing regulation of the Truth in Lending Act, duly promulgated by the Board of Governors of the Federal Reserve System.

36. Pursuant to Section 103(q) of the Truth in Lending Act, Defendant's aforesaid failures to comply with the provisions of Regulation Z constitute violations of the Act, and, pursuant to Section 108 thereof, respondents have violated the Federal Trade Commission Act, as amended.

37. As a result of its violations of the TILA, Cadleway is liable to Plaintiff for her actual damages, statutory damages, and costs and reasonable attorneys' fees. The conduct of Cadleway described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition. Plaintiff is therefore entitled to recover from Cadleway additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

38. On behalf of herself and each class member, Plaintiffs seek an order of the Court directing Cadleway to pay actual damages to all class members consisting of all money obtained through the use of any illegal acts in violation of TILA.

39.     In addition, Plaintiff seeks on behalf of all other class members, without regard to minimum individual recovery, an award in the amount of the lesser of $500,000.00 or 1% of the net worth of Cadleway, as well as reasonable attorneys' fees.

### Third Cause of Action
### Request for Relief Pursuant to FDCPA

40.     Section 1692(e)(2)(a) of the FDCPA states that it is a violation for a debt collector to falsely represent "the character, amount, or legal status of any debt;"

41.     By failing to disclose that it began charging interest at a daily rate on or about January 1, 2004 after Amicus has previously ceased charging interest constitutes a false representation regarding the amount and character of the alleged debt.

42.     By demanding interest that was greater than the amount for which Plaintiff Kuehn and other class members were liable, Cadleway violated the FDCPA as to the members of Class I.

43.     Section 1692(e)(10) states that it is a violation of the FDCPA for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

44.     Section 1692(e)(9) states that it is a violation of the FDCPA for a debt collector to use or distribute "any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States, or any State, or which creates a false impression as to its source, authorization, or approval."

45.     Along with Cadleway's form collection letter it sends a W-9 Taxpayer Identification Number (TIN) Request. Cadleway's form letter improperly implies connections with the IRS as follows:

> Also enclosed is an IRS-generated W-9 to certify your Tax Identification Number (TIN). For individuals, this is your Social Security Number. Please complete this form indicating the above account number, and sign and return it to us as soon as possible. <u>You</u>

8

are subject to a $50 penalty imposed by the IRS under 26 U.S.C. 6723 if you fail to furnish a TIN.

46. This sentence violates section 1692(e)(9) and (10) in that it falsely represents that the IRS is going to be contacted regarding the debt at issue and that Cadleway is in contact with or associated with the Government.

47. The form letter falsely creates the impression that the IRS will be intervening if the account holder does not provide Cadleway with all of their current information including social security number, and current address.

48. Cadleway is without the authority to determine when the IRS will issue penalties. Thus it is improper for Cadleway to assert that the account holder will be "subject to a $50 penalty imposed by the IRS if you fail to furnish a TIN".

49. Indeed, the IRS does not require creditors that discharge debts to file Form 1099 or other forms. On information and belief, Cadleway does not regularly send such forms on accounts it owns or collects for. Cadleway's threat of IRS intervention is to create the impression in the account holder's mind that failure to provide Cadleway with information will get them in trouble with the IRS, including a $50 penalty.

50. Cadleway's inclusion of a Request for Taxpayer Identification Number is being used to improperly obtain information concerning the consumer, in violation of § 1692(e)(10). Because it is routinely used in Cadleway's dunning form letter, this violation applies to Plaintiff as well as the members of Class II.

51. As a result of its violations of the FDCPA, Cadleway is liable to Plaintiff for her actual damages, statutory damages, and costs and reasonable attorneys' fees. The conduct of Cadleway described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition. Plaintiff is therefore entitled to recover from Cadleway additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

52. On behalf of herself and each class member, Plaintiff seeks an order of the Court directing Cadleway to pay actual damages to all class members consisting of all money obtained by either Defendant through the threat of any illegal acts in violation of FDCPA.

53. In addition, Plaintiff seeks on behalf of all other class members, without regard to minimum individual recovery, an award in the amount of the lesser of $500,000.00 or 1% of the net worth of Cadleway, and reasonable attorneys' fees.

### Demand for Jury Trial

54. Please take notice that Plaintiff demands trial by jury in this action.

### Prayer

THEREFORE, Plaintiff respectfully prays that this Court:

1. Upon notice and hearing, but at the earliest practicable date, certify this action as a class action.

2. Upon final trial of this cause, enter a Declaratory Judgment declaring that the practices complained of herein are illegal and a Permanent Injunction enjoining Defendant from engaging in the illegal practices set forth herein.

3. Upon final trial of this cause, award Plaintiff and the members of the class judgment for their damages and statutory civil penalties as set forth herein. Plaintiff further prays that these damages be multiplied pursuant to the provisions of the law.

4. Award punitive damages in an amount necessary to punish Defendant for its conduct.

5. Award Plaintiff and the class attorneys' fees and costs of court.

6. Award pre-judgment and post-judgment interest at the maximum rate permitted at law or at equity.

7.  Grant Plaintiff and the class all other relief to which they may show themselves and the class entitled.

Respectfully submitted,

_____
BRIAN W. WARWICK
TRIAL COUNSEL

**Counsel for the Plaintiff and the Class:**

Brian W. Warwick, Fla. Bar No. 0605573
Janet R. Varnell, Fla. Bar No. 0071072
**VARNELL & WARWICK, P.A.**
20 La Grande Boulevard
The Villages, Florida  32159
Phone:  (352) 753-8600
Fax:     (352) 753-8606


Stephen Gardner
Texas State Bar No. 07660600
**LAW OFFICE OF STEPHEN GARDNER, PC**
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
Phone: (214) 800-2830
Fax :   (214) 800-2834

# EXHIBIT A

02/05 2004 12:03  3527352116                    FLORIDA CHOICE BANK                           PAGE 02/04

# CADLEWAY PROPERTIES, INC.
100 North Center Street
Newton Falls, OH 44444
(330) 872-0918
888-462-2353 (888-GO-CADLE)
FAX (330) 872-5367

January 13, 2004

Bonnie E. Kuehn
27846 W Pelican Isle Drive
Leesburg, FL 34748

RE: MarketplaceBank/Amicus FSB Credit Card Account
MarketplaceBank/Amicus Account No. 4425360000026267
Principal Balance: $7,621.52
Total Amount Due: $7,643.23
Our Account No. 0K131033

Dear Customer:

Cadleway Properties, Inc. purchased your **MarketplaceBank/Amicus FSB Credit Card** account through Matrix Bancorp. Therefore, please send all future payments to the address above effective immediately. We do not use coupon books or send monthly statements. To help us quickly and properly credit your payment, please write your new account number, 0K131033, on your check or money order.

If, by chance, you, or any co-signers or co-applicants on the account has filed bankruptcy, please forward any papers showing this debt was included.

We calculated the "Total Amount Due" above with information in our system as of the date of this letter. We reserve the right to correct any error in calculating the "Total Amount Due" at any time.

Please read the accompanying notice, which we provide in compliance with the Fair Debt Collection Practices Act. Also enclosed is an IRS-generated W-9 to certify your Tax Identification Number ('TIN). For individuals, this is your Social Security Number. Please complete this form indicating the above account number, and sign and return it to us as soon as possible. You are subject to a $50 penalty imposed by the IRS under 26 U.S.C. § 6723 if you fail to furnish a TIN.

IN ACCORDANCE WITH 15 U.S.C. 1692E (11), PLEASE BE ADVISED THAT THE PURPOSE OF THIS LETTER IS TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.

Please contact me to make repayment arrangements for your loan. I can be reached between the hours of 6:00 p.m. and 11:00 p.m. Sunday, and 12:00 p.m. and 11:00 p.m. Monday through Thursday at the toll-free number listed above at Ext. 3198.

Yours very truly,
*Clayton Tawney*
Clayton Tawney
Account Officer

CT:AS
Enclosures

# NOTICE

In accordance with 15 U.S.C. 1692e (11), please be advised that the purpose of this letter is to collect a debt, and any information obtained from you will be used for that purpose. Each of the items contained herein applies directly to the debt, which Cadleway Properties, Inc. is attempting to collect from you:

1.  If you want to know the exact name and address of the original creditor, please notify us in writing no later than thirty (30) days after receipt of this Notice and we will provide you with this information.

2.  If within thirty (30) days of receipt of this Notice you do not dispute the validity of the debt, or any portion of the debt, which Cadleway Properties, Inc. is attempting to collect from you, the debt will be assumed by us to be valid. If you notify us within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you, if any, and a copy of such verification will be mailed to you by us.

3.  The total amount due contained in the accompanying letter is the total amount due based on the information currently in our system as of the date of this letter. Please confirm this balance or state the amount which you believe is the correct balance so that we may correct our records before we report to the credit bureau. We reserve the right to correct any error in calculating the total amount due at any time.

## CADLEWAY PROPERTIES, INC.

The total amount due as of _____ of $_____ is confirmed.

Total amount due is incorrect.

My/our records show the total amount due should be _____.

Our File No.: _____   Date: _____

Home Phone: _____   Work Phone: _____

Comments: _____

_____

_____

Signed: _____

| Form **W-9** | **Request for Taxpayer** | Give form to the |
|---|---|---|
| (Rev. January 2002) | **Identification Number and Certification** | requester. Do not |
| Department of the Treasury Internal Revenue Service | | send to the IRS. |

**Name**

**Business name, if different from above**

Check appropriate box: ☐ Individual/Sole proprietor ☐ Corporation ☐ Partnership ☐ Other ▶ .................... ☐ Exempt from backup withholding

**Address (number, street, and apt. or suite no.)**

Requester's name and address (optional)

**City, state, and ZIP code**

List account number(s) here (optional)

Print or type
See Specific Instructions on page 2.

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I Instructions on page 2. For other entities, it is your employer identification number (EIN). If you do not have a number, see **How to get a TIN** on page 2.

**Note:** *If the account is in more than one name, see the chart on page 2 for guidelines on whose number to enter.*

Social security number | | | – | | | – | | | | |

or

Employer identification number | | – | | | | | | | |

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), **and**
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**
3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 2.)

**Sign Here** | Signature of U.S. person ▶ | Date ▶

### Purpose of Form

A person who is required to file an information return with the IRS must get your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to give your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

**If you are a foreign person, use the appropriate Form W-8. See Pub. 515,** Withholding of Tax on Nonresident Aliens and Foreign Entities.

**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 30% of such payments after December 31, 2001 (29% after December 31, 2003). This is called "backup withholding." Payments that may be subject to backup withholding include interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester, or

2. You do not certify your TIN when required (see the Part II instructions on page 2 for details), or

3. The IRS tells the requester that you furnished an incorrect TIN, or

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions on page 2 and the separate **Instructions for the Requester of Form W-9.**

### Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

Cat. No. 10231X     Form **W-9** (Rev. 1-2002)